IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         WESTERN DIVISION

JOSE PEREZ, #37451-004                              PETITIONER

VERSUS                          CIVIL ACTION NO.  5:07cv104-DCB-MTP

BUREAU OF PRISONS, et al.                           RESPONDENT

                   MEMORANDUM OPINION AND ORDER


     The petitioner filed on May 17, 2007, a complaint and
requested to proceed in forma pauperis.  An order [6] was entered
on July 30, 2007, stating that "prior to granting or denying the
petitioner's in forma pauperis request and to further screen his
petition" the petitioner was required to furnish additional
information on or before August 20, 2007.  The petitioner filed a
response [7] on August 20, 2007.

     Upon review of the response [7], an order [11] was entered on
August 24, 2007, granting the petitioner an extension of time
until and including September 7, 2007, to respond with specific
information to questions 1(d) – (p) requested in the previous
order the order [6] of July 30, 2007.  An additional extension of
time was granted by order [14] of September 5, 2007, directing
the petitioner to respond on or before September 26, 2007.  When
the petitioner failed to comply with that order, an order to show
cause [15] was entered on October 10, 2007.  The order to show
cause [15] directed the petitioner to respond on or before
October 24, 2007.  In response, the petitioner filed a motion for
extension of time [16] on November 2, 2007, along with a change
of address.  The motion [16] was granted by the order [18] of

November 8, 2007, and the petitioner had until December 13, 2007, to comply with the order [15] of October 10, 2007.  When the petitioner failed to comply with the order [18] of November 8, 2007, an order to show cause [20] was entered on January 7, 2008, which directed him to respond on or before January 22, 2008. Even though he had been warned that failure to comply in a timely manner could result in the dismissal of the instant civil action, the petitioner has failed to comply with the orders of this court.

The petitioner has failed to comply with the court orders [18 & 20] of November 8, 2007, and January 7, 2008. This court further finds that the petitioner has not communicated with this court since November 13, 2007, when he filed an attachment [19] to his motion for an extension of time.  It is apparent from the petitioner's failure to further communicate with this court that he lacks interest in pursuing this claim.

This court has the authority to dismiss an action for the petitioner's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); Larson v. Scott, 157 F.3d 1030 (5th Cir.1998); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking

relief, so as to achieve the orderly and expeditious disposition of cases.  <u>Link</u>, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court. <u>Id.</u> at 629–30.

The court concludes that dismissal of this action for petitioner's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper.  Since the respondents have never been called upon to respond to the petitioner's pleading and since the court has never considered the merits of petitioner's claims, the court's order of dismissal will provide that dismissal is without prejudice.  <u>See Munday/Elkins Automotive Partners, LTD. v. Smith</u>, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A final judgment in accordance with this memorandum opinion and order will be entered.

This the   11th   day of March, 2008.


_____s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE

3